**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SODEXOMAGIC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:16-cv-05144-MMB |
| | ) | |
| v. | ) | |
| | ) | |
| DREXEL UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF MELISSA BROWN IN OPPOSITION TO THE MOTION TO COMPEL OF PLAINTIFF/COUNTERCLAIM DEFENDANT SODEXOMAGIC LLC**

I, Melissa Brown, submit this Declaration in opposition to the Motion of Plaintiff/Counterclaim Defendant, SodexoMagic, LLC ("Sodexo") to compel a further deposition from me.

1. I am an attorney admitted to the Bar of the Commonwealth of Pennsylvania.

2. After graduating law school, I joined Morgan, Lewis & Bockius and was an associate at the firm for over seven years. I worked in Morgan Lewis' real estate group assisting with the negotiation and drafting of contracts and related agreements for the sale of commercial real estate, commercial leases and financing documents, among other things.

3. Since 2011, I have served as Associate General Counsel in the Office of General Counsel of Drexel University. I was hired to provide legal advice and representation to Drexel including in the negotiation of real estate and construction contracts. I also draft and review contracts for other transactional matters.

4. My role at Drexel is to provide legal advice and services. I do not have responsibility for any aspect of the academic operations or administration of the University. For

instance, I am not involved in developing the academic eligibility standards for admission to Drexel, the admission of students to Drexel, or the operation of dining services at Drexel.

5. My only involvement with preparing the 2014 Request for Proposals to provide dining services at Drexel University ("RFP") was to draft a set of legal terms and conditions. It was my understanding that these terms and conditions were to be included in the RFP and bidders would be required to indicate any objections to those terms and conditions in their Proposals. I was not provided the entire RFP until I became involved in the defense of Drexel in the above-captioned action.

6. I did not participate in the decision to issue the RFP, the evaluation of the proposals submitted in response to the RFP, the decision to request a Best and Final Offer ("BAFO") from Sodexo and Aramark, the evaluation of the BAFOs, or the decision to award the contract to Sodexo.

7. I did not draft any of the terms of the Management Agreement. The terms and conditions that I drafted for inclusion in the RFP ultimately were not included in the Management Agreement in the form I drafted them.

8. My involvement in the negotiation of the Management Agreement was to participate in a few of the negotiating sessions between the Drexel and Sodexo negotiating teams. In several instances, I did not participate in the entire negotiating session. I also separately negotiated the legal terms and conditions of the Management Agreement with Thomas Stanton, who I understand is in-house counsel with Sodexo. Further, I reviewed drafts as they were exchanged on Drexel's behalf to assure legal and technical compliance.

9. In approximately June, 2016, I was asked to provide legal advice to Drexel in connection with the Sodexo's demand under Section 9.2 of the Management Agreement for

negotiations as to potential solutions of the issues it claimed resulted from the decline in number of freshman admitted for the 2014-15 class.

10. In this role, I was involved in, at least, one negotiating session with Sodexo. The July 25, 2016 putative notice of default and to cure Mr. Stanton submitted on Sodexo's behalf was addressed to me. I spoke with Mr. Stanton in advance of his submitting the July 25th letter and had several communications with him thereafter. As the dispute with Sodexo continued, I provided legal advice with respect to Sodexo's threat to terminate the Management Agreement before the 2016 fall semester began, and thereafter worked with Cozen O'Connor in the negotiation of the terms under which Sodexo continued to provide dining services through the conclusion of the fall semester.

11. After the above-captioned action was commenced, subject to the overall direction of Drexel's General Counsel, I assumed responsibility for assisting and interfacing with Cozen O'Connor in representing Drexel. I have, for instance, participated in witness interviews, reviewed pleadings and briefing and assisted in formulating Drexel's case strategy. I was involved in developing Drexel's settlement position in anticipation of the Mediation conducted before Magistrate Judge Strawbridge, and participated in the Mediation. In order to effectively perform these responsibilities, I have reviewed key documents in the case.

12. Any information I have been provided about the Huron Report was disclosed in the course of my providing legal services and advice to Drexel. Any information I possess as to the extent to which this Report addressed admissions or enrollment was obtained in connection with participating in the representation of Drexel in this litigation. Similarly, I had no responsibility for or involvement with the Student Lifecycle Management Initiative. While I read the press release announcing this Initiative, my only current information about it was

obtained in connection with assisting and interfacing with trial counsel. Further, I did not review the entire RFP until after I began advising Drexel in its contract dispute with Sodexo and assisting in its defense in the above-captioned litigation.

I verify under the penalties of perjury that
the foregoing is true and correct
Dated: August 7, 2017

Melissa Brown