# EXHIBIT A

COZEN O'CONNOR

May 25, 2017

**Stephen A. Cozen**
Direct Phone 215-665-2020
Direct Fax 215-701-2020
scozen@cozen.com

**VIA E-MAIL (TFAZIO@MGMLAW.COM)**

Timothy J. Fazio, Esquire
MANION GAYNOR & MANNING LLP
125 High Street
Boston, MA 02110

**Re: SodexoMAGIC, LLC v. Drexel University,**
**U.S.D.C. for the E.D. of PA, Case No., 2:16-cv-5144-MMB**

Dear Tim:

I write concerning a number of discovery issues in this case—specifically, (1) Sodexo's recent supplemental initial disclosures; (2) numerous documents listed on Sodexo's privilege log that do not appear to be privileged and must be produced; (3) the deposition of Tom Farabaugh; and (4) supplemental document requests regarding former Sodexo employees Tom Post and Len Riccio. This letter addresses each matter in turn.

Sodexo's Supplemental Initial Disclosures

In Sodexo's supplemental initial disclosures served on May 22, 2017, Sodexo now claims damages of about $27.6 million, including "lost future profits under the Management Agreement [of] approximately $18 million[.]" As stated in my May 19, 2017 letters to you and Judge Strawbridge, Drexel does not believe that Sodexo's recent much-inflated damages demand (which has apparently come down by $2.4 million since May 16, 2017) was made in good faith.

In the supplemental disclosures, Sodexo stated:

> SodexoMAGIC will make available for inspection and copying as under Rule 34 all documents or other evidentiary material, unless privileged or protected from disclosure, on which the above computations are based, including materials bearing on the nature and extent of injuries suffered.

Drexel hereby demands that all such documents and evidentiary materials be produced to counsel no later than Friday, June 2, 2017. Given that Judge Strawbridge has already postponed the previously-scheduled settlement conference because of Sodexo's substantially increased but unexplained demand, it is vital that we receive these documents in enough time to review them before any conference with Judge Strawbridge.

Further, the supplemental disclosures state that Sodexo is now "also seeking the collection of expenses, reasonable attorneys' fees, and court costs pursuant to Section 10.12 of the Management Agreement." Section 10.12 states that "reasonable collection expenses, attorneys' fees and court costs" are available only when seeking to collect "any amount not paid

---

when due [i.e., a collection matter], and/or in connection with the enforcement of an indemnity obligation of a party under this Agreement." Since this case clearly is neither a collections matter nor the enforcement of an indemnity obligation, we assume that Sodexo's claim for fees and costs under Section 10.12 is asserted in error and ask that Sodexo clarify and withdraw that claim. If Sodexo will not withdraw this damages claim, Drexel reserves all rights to move to strike it as frivolous.

<u>Sodexo's Privilege Log</u>

We have reviewed Sodexo's lengthy privilege log, and it appears to us that a substantial number of the withheld documents—likely numbering at least in the hundreds—are not in fact privileged and should be produced. We therefore demand that Sodexo produce all nonprivileged documents included on Sodexo's log no later than June 5. The withheld documents that do not appear to be privileged include the following categories:

-A substantial number of communications between non-lawyers that do not, based on the information provided in the privilege log, involve privileged matters. By way of example but not limitation, items 172 and 173 are described as emails between Nancy Arnett and Rush Sherman, neither of whom is an attorney, concerning negotiation of the management agreement. (*See also, e.g.*, items 107-112, 149, & 928-933.) Based on the information provided, this is not a privileged communication and it, and all other communications between non-lawyers not involving the provision of legal advice, must be produced. Indeed, the only attorneys that we are aware of who were involved in this matter are Tom Stanton, in-house counsel at Sodexo, and attorneys from your firm. Sodexo's privilege log certainly does not identify anyone else as an attorney providing legal counsel to Sodexo in this matter. If Mr. Stanton or outside counsel is not the author or recipient of the communication, we do not see how it could possibly be privileged based on the information provided in Sodexo's privilege log. These documents, which appear to number in the hundreds, must be produced.

-Emails authored by a businessperson and sent to a large distribution list that may possibly include an attorney (again, Sodexo has not identified attorneys in its privilege log). In particular, there is a large concentration of such communications from the June-August 2014 timeframe, relating to the RFP and response to the RFP. By way of example but not limitation, see items 96, 101-02, 103. These appear to be non-privileged communications regarding business matters on which an attorney may happen to be copied. Such communications do not become privileged simply because an attorney may be copied if the communications themselves do not involve a request for or the provision of confidential legal counsel. Further, the dissemination of such communications to a large number of businesspeople strongly suggests that the communications were not confidential legal discussions and thus not privileged. These documents, which appear to number at least in the dozens, must be produced.

-Documents withheld on the basis that they contain "confidential business information," including by way of example but not limitation, items 1 and 66. That an otherwise responsive and relevant document contains confidential business information is not a grounds to withhold the document from production in discovery, particularly on the basis of "privilege". We have a stipulated confidentiality order in place, and such documents can be designated as confidential under the confidentiality order if and as appropriate, but these documents must be produced.

---

Additional Sodexo Depositions

We would like to depose Sodexo employee Tommy Farabaugh. Please provide dates when Mr. Farabaugh would be available to be deposed.

Supplemental Document Requests Regarding Former Sodexo Employees

We understand from you that Tom Post and Len Riccio are no longer Sodexo employees. Given this fact, we think there are some additional documents related to these two individuals that are relevant to the case, and we request that Sodexo produce the following:

-Employment agreements for Mr. Post and Mr. Riccio;

-Separation of employment, termination of employment, and/or retirement agreements for Mr. Post and Mr. Riccio, and/or documents sufficient to show the terms of and reasons for Mr. Post and Mr. Riccio leaving employment with Sodexo; and

-Documents sufficient to show the terms of Mr. Post's and Mr. Riccio's compensation, including specifically, performance bonuses, commissions, and the like relating to Sodexo being awarded the Drexel dining services contract in 2014 and/or entering into the Management Agreement.

Please produce these documents before the depositions of Mr. Post and Mr. Riccio respectively. If Sodexo will not agree to do so, please let me know right away so that we can take the issue up with the Court before the depositions.

We are available if needed to discuss any of the discovery issues in this letter in more detail.

Sincerely,

COZEN O'CONNOR

By: Stephen A. Cozen

SAC/jdb/tal

cc: Robert C. Heim, Esquire
Katherine A. Dennis, Esquire
Robert W. Hayes, Esquire
Jared D. Bayer, Esquire
Thomas A. Leonard, Esquire