IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SODEXOMAGIC, LLC | CIVIL ACTION |
|---|---|
| v. | NO. 16-5144 |
| DREXEL UNIVERSITY | |

## ORDER

Pursuant to the foregoing Memorandum, and following an *in camera* review of the 25 documents for which each party asserted a privilege that was challenged by the opposing party, the Court finds:

1. As a general matter, both parties have exceeded the allowable assertion of attorney-client privilege for most of the documents selected by both parties.

2. There are a few clearly privileged communications spread throughout the 50 documents. In some instances, one party or the other have redacted a portion of the document and noted that it is a "privileged communication." The Court is inclined to respect these limited redactions.

3. However, many of the documents do not contain any attorney-client communications whatsoever. The Court will assume that privileged communications lie at the foundation of many of the emails that have been included in the selected documents. However, the mere giving of attorney-client advice in a general way does not protected as privileged all documents that business people generate to follow up on that advice. If it is clear from a subsequent email that it is quoting a communication by the client to the lawyer, or the lawyer's response, the Court will respect an assertion of privilege to that portion of such an email, which may be redacted. However, the privilege does not carry forward to every "downstream"

1

communication resulting from, or even following up on, or relying on, the client's request for advice or the lawyer's advice. In such circumstances, the parties should redact the privileged portion of the email chain, rather than withholding production of non-privileged, "downstream" communications.

4. Some of the attachments contain draft contracts. The Court finds that Pennsylvania law does not protect as privileged a draft contract (even if it was drafted with attorney input), unless the party seeking the protection of attorney-client privilege meets its burden of establishing that the draft contract was prepared for the purpose of obtaining legal advice and/or contains language the client considered but decided not to include in the final version.[1] Communications from a client to an attorney asking about what should or should not be included in a contract, and/or the lawyer's response, are likely privileged—but they are not found within the sample documents.

5. The Court finds that:

    a. The following documents[2] contain privileged materials such that the entire document is privileged:

        i. Sodexo Documents ##2, 10, 15

        ii. Drexel Documents ## 2-3, 11-12, 24-25

    b. The following documents contain privileged materials but should be redacted rather than entirely withheld:

        i. Sodexo Documents ## 1, 12, 14, 22

        ii. Drexel Documents ## 8, 18, 21-23

---

[1] As to work product protection, it only applies when confidential papers are prepared by or on behalf of attorneys in anticipation of litigation.

[2] Drexel documents 10 and 17 were previously produced to Sodexo, so the Court does not address them here.

    c. The following document has redactions which the Court will assume are correct

        i. Drexel Document # 13

    d. The following documents do not meet the requirements for privilege and should be produced to opposing counsel forthwith:

        i. Sodexo Documents ## 3-11, 13, 16-21, 23-25

        ii. Drexel Documents ## 1, 4-7, 9, 14-17, 19, 20

6. The documents which the Court has ruled are not privileged shall be produced to opposing counsel forthwith. Counsel shall review with their clients other documents on the current privilege log and follow the Court's Memorandum in releasing the documents that do not meet the standards for protection to the other side, within 14 days.

7. Also within 14 days, each counsel shall submit a revised (and presumably much reduced) privilege log to the other side.

8. As a result of these productions, it may appropriate to postpone other events on the pretrial schedule. If counsel are able to agree on this, they should file an agreed-upon revised schedule by March 15, 2018.

9. If not, the Court will have a recorded telephone conference at 2:00 p.m. on Friday, March 16, 2018.

                                              **BY THE COURT:**

Date: 2/23/2018                                               **/s/ Michael M. Baylson**
                                                                      **MICHAEL M. BAYLSON, U.S.D.J.**